#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                         No. 1:18-CR-1581 WJ

JOSEPH CALLOWAY,

    Defendant.

#### MEMORANDUM OPINION AND ORDER
#### DENYING MOTION TO APPOINT CJA COUNSEL WITHOUT PREJUDICE

THIS MATTER IS BEFORE THE COURT on Defendant's Motion to Appoint CJA Counsel (**Doc. 62**). As presented, the Motion is **DENIED WITHOUT PREJUDICE**, for the reasons stated herein.

#### BACKGROUND

In 2019, Defendant pleaded guilty to bank fraud, aggravated identity theft, and two counts of federal program fraud. (Doc. 59). He was sentenced to a total term of 42 months imprisonment. (*Id.*). The Federal Public Defender ("FPD") now represents that Defendant wishes to seek compassionate release under 18 U.S.C. §3582 and the First Step Act. (Doc. 62). The FPD states that "[b]ased on communication with [Defendant], [Defendant] requested compassionate release from the warden of FCI Florence on May 24, 2020. . . ." (*Id.*, ¶ 2). The FPD further states that the warden has not responded, and more than 30 days have passed since Defendant made his request. (*Id.*). Although not expressly stated, the Court construes this statement as the FPD's averment that Defendant has exhausted his administrative remedies, rendering his request ripe for judicial review.

**DISCUSSION**

Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*.

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[1] To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.[2]

---

[1] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. Many other courts in this Circuit have concluded likewise. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).

[2] Again, district courts are split on their interpretations of this provision. Some have concluded that the 30-day language in § 3582(c)(1)(A) is meant to serve as an either/or with respect to exhaustion of administrative remedies; in other words, those courts have held that as long as 30 days have lapsed since the warden's receipt of the request, a defendant may file a motion with the court, regardless of whether he has appealed the warden's timely decision. *See United States v. Whalen*, No. 1:11-CR-00033-JAW, 2020 WL 3802714, at *5, n. 2 (D. Me. July 7, 2020) (analyzing this split and comparing district court cases). However, in the absence of controlling authority from the Tenth Circuit,

Additionally, "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Olden*, 296 F. App'x. 671, 674 (10th Cir. 2008). However, after receiving numerous informal and *ex parte* requests from the FPD to appoint counsel to seek § 3582 relief, the undersigned judge established, via Administrative Order, a process for the FPD to request appointment of counsel for nonfrivolous compassionate release cases. *See* 20-MC-004, Doc. 30. As part of that Order, the District Court for the District of New Mexico requires the FPD to certify that the defendant has fully exhausted the Bureau of Prisons administrative remedies prior to seeking judicial review, as required by § 3582(c)(1)(A). *Id.* at 2.

In this case, the FPD states: "Based on communication with Mr. Calloway, he requested compassionate release from the warden of FCI Florence on May 24, 2020. More than 30 days have passed and no response has been received." (Doc. 62 at 1.) The Court finds this certification of exhaustion to be insufficient as a basis to grant the motion to appoint counsel. At the very least, counsel should have provided the Court with a copy of the request for administrative relief to show that Defendant initiated his administrative remedies in compliance with the federal regulations cited above.

Because the Court concludes that the FPD's certification of exhaustion is insufficient, but potentially curable, the Court **DENIES** the motion **WITHOUT PREJUDICE**. The FPD may refile its Motion if and when it can sufficiently demonstrate exhaustion.

---

this Court joins "those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court." *See United States v. Rembert*, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2–3 (D. Me. June 19, 2020).

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE