UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.     No. 1:18-CR-01581-WJ

JOSEPH CALLOWAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING THE FPD'S RENEWED MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court upon the Federal Public Defender's ("FPD") renewed motion to appoint counsel, filed October 20, 2020 (**Doc. 64**), requesting that Kari Converse, Esq., be appointed counsel in order to assist Defendant in seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Having reviewed the motion and the applicable law, the Court finds that the FPD has stated insufficient grounds for appointment in this case. Therefore, in an exercise of its sound discretion and without addressing the merits of the underlying request for compassionate release, the Court DENIES the motion.

### BACKGROUND

In 2019, Defendant pleaded guilty to bank fraud, aggravated identity theft, and two counts of federal program fraud. Doc. 59. He was sentenced to a total term of 42 months imprisonment followed by three years of supervised release. *Id.*

On August 24, 2020, the FPD filed its first motion to appoint counsel, stating that Defendant wished to seek compassionate release under 18 U.S.C. § 3582 and the First Step Act. Doc. 62. The August 24th motion failed to provide the Court with evidence that Defendant initiated

his administrative remedies, relying instead on an uncorroborated statement by Defendant that he requested relief from the warden of FCI Florence on May 24, 2020 and had received no reply. *Id.* The Court denied the August 24th motion without prejudice due to the FPD's insufficient certification of exhaustion. Doc. 63.

Through the instant motion, the FPD renews its request for appointment of counsel. This motion contains a copy of Defendant's request for administrative remedy, dated September 20, 2020. Doc. 64 at 4–5. The motion represents that, as of October 20, 2020, no response was received to this request, thus satisfying the statutory exhaustion requirement. *Id.* at 1. The Court gives the FPD the benefit of the doubt and finds that the instant motion properly certifies Defendant's exhaustion of administrative remedies. However, proper certification of exhaustion is just one requirement. The motion, for reasons discussed below, ultimately does not persuade the Court that counsel should be appointed to represent Defendant at this time.

## DISCUSSION

As an initial matter, Defendant has no constitutional right to counsel in pursuing his §3582 motion, although the Court may appoint counsel in its discretion. *See Engberg v. Wyoming,* 265 F.3d 1109, 1121–22 (10th Cir.2001). *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

On August 13, 2020, after receiving numerous *ex parte* and informal requests by the FPD to appoint counsel for compassionate release motions which they considered worthy of legal representation, the Court entered an Administrative Order establishing the proper procedures for "effectuating the discretionary appointment of counsel and handling compassionate release requests." 20-MC-00004, Doc. 30 at 1. That Order required, *inter alia*, that the request for

appointment of counsel, "[s]tate the grounds for an appointment by describing the extraordinary and compelling reasons supporting the requested relief." *Id.* at 2.

After noting that her basis for offering these health conditions as extraordinary and compelling reasons is "subject to further investigation and review of medical records," Ms. Converse lists Defendant's medical impairments, namely, that he has a BMI of 36 and suffers from asthma and hypertension. Doc. 64 at 2. Counsel states that these conditions may put Defendant at risk of serious illness should he be infected with COVID-19,[1] thus rendering them extraordinary and compelling reasons in the midst of the ongoing pandemic. *Id.* The Court finds that these statements do not meet the Order's threshold: Ms. Converse does not describe "extraordinary and compelling reasons supporting the requested relief."

Under the Sentencing Commission's policy statement describing "extraordinary and compelling reasons," a medical condition must be serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[2]"

The Court will not speculate as to whether Defendant's current state of health satisfies this standard. Such a consideration would be premature at this stage, given the Court's inability to review Defendant's medical records or reports from his facility. Rather, the Court's decision to deny the appointment of counsel at this time is based on the contents of the motion alone. Counsel's

---

[1] The Court notes that the Center for Disease Control ("CDC") lists obesity, moderate to severe asthma, and hypertension as conditions that put or may put adults at an increased risk of severe illness from the virus that causes COVID-19. *See*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last modified Nov. 2, 2020). However, the CDC's listing does not govern the standard for compassionate release under §3582.

[2] *See* USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances which are not pertinent here. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

description of Defendant's medical impairments does not suggest in any way that Defendant's ability to self-care for his condition at FCI Florence is compromised to any degree, nor is there any reason to believe that the course of Defendant's condition would be ameliorated outside of the facility.

**THEREFORE**, for the reasons described in this Memorandum Opinion and Order, the Court **DENIES** the FPD's renewed motion to appoint counsel (Doc. 64) **WITHOUT PREJUDICE**. The FPD may refile its motion if and when it can state the grounds for an appointment by describing the extraordinary and compelling reasons supporting the requested relief.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE